**EXHIBIT A**

Insurance Commissioner
ACCEPTED SOP
SEP 13 2021
TIME: 2 pm

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| ELIZABETH SUTCLIFFE,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | No.<br><br>COMPLAINT FOR UIM DAMAGES, BREACH OF DUTY OF GOOD FAITH, BREACH OF FIDUCIARY DUTY, BREACH OF CONSUMER PROTECTION ACT AND BREACH OF CONTRACT |

Plaintiff, by and through undersigned counsel, hereby alleges as follows:

### I. PARTIES

1. Plaintiff ELIZABETH SUTCLIFFE (hereinafter "Ms. Sutcliffe") was at all times pertinent hereto either a visitor to King County, Washington or a resident of Maui County, Hawai'i. At all relevant times, Ms. Sutcliffe had fully paid her insurance premiums for uninsured and/or underinsured (UIM) coverage through Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

2. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "defendant State Farm"), is a foreign insurer and corporation licensed to do business in the State of Washington and does business in King County, Washington.

COMPLAINT FOR UIM DAMAGES, BREACH OF DUTY OF GOOD FAITH, BREACH OF FIDUCIARY DUTY, BREACH OF CONSUMER PROTECTION ACT AND BREACH OF CONTRACT – Page 1

MENZER LAW FIRM, P.L.L.C.
705 Second Avenue, Suite 800
Seattle, Washington 98104
(206) 903-1818

3. Defendant State Farm accepted Ms. Sutcliffe's payment of premiums and issued UIM coverage to Ms. Sutcliffe in the amount of $250,000 per person, at all times material herein.

## II. JURISDICTION

4. Jurisdiction and venue in King County Superior Court are proper pursuant to RCW 4.12.025 as defendant State Farm transacts business, has an office for transaction of business, and did transact business in King County, Washington at all times pertinent hereto. Further, venue is proper in this Court pursuant to RCW 48.05.220 because the motor vehicle accident at issue happened in King County, Washington.

## III. BACKGROUND

5. On or about November 28, 2017, Ms. Sutcliffe was a passenger in a taxicab traveling northbound on Interstate 5 towards the exit for State Route 518 in King County, Washington.

6. The driver of the taxicab was David Rosser. Due to his driving at an excessive speed, Mr. Rosser lost control of the taxicab as he was exiting I5 onto SR 518 and crashed into the concrete barrier on the left shoulder of the roadway.

7. Ms. Sutcliffe suffered significant injuries in the accident, including but not limited to a severe concussion.

8. David Rosser was the sole cause of the crash. Mr. Rosser's applicable liability insurance coverage policy limits have been paid to Ms. Sutcliffe, but Ms. Sutcliffe still has not been made whole for her accident injuries.

9. Defendant State Farm does not dispute liability or Ms. Sutcliffe's overall eligibility for UIM benefits from State Farm for this crash.

COMPLAINT FOR UIM DAMAGES, BREACH OF DUTY OF GOOD FAITH, BREACH OF FIDUCIARY DUTY, BREACH OF CONSUMER PROTECTION ACT AND BREACH OF CONTRACT – Page 2

MENZER LAW FIRM, P.L.L.C.
705 Second Avenue, Suite 800
Seattle, Washington 98104
(206) 903-1818

10. Defendant State Farm stands in the shoes of David Rosser for purposes of his liability for damages under Ms. Sutcliffe's UIM coverage.

11. Ms. Sutcliffe has made multiple written demands on State Farm for benefits and coverage under her UIM policy. Ms. Sutcliffe's demands have included extensive documentation of her injuries and of the fact that she was not made whole by her policy limits settlement with Mr. Rosser's insurer. Despite these demands, State Farm has refused to offer Ms. Sutcliffe any benefits or additional compensation under her policy.

12. Defendant State Farm has compelled Ms. Sutcliffe to take legal action by unreasonably disputing the amount of damages Ms. Sutcliffe is entitled to and refusing to make any UIM offer. In addition, this action arises from the defendant State Farm's actions, inactions, and misconduct in the investigation, evaluation, handling, negotiation, demand for suit, and/or failure to provide for the reasonable resolution, settlement and/or payment of Ms. Sutcliffe's claim for UIM damages.

13. Through its negligent and unreasonable adjusting practices, defendant State Farm has delayed and denied Ms. Sutcliffe the UIM benefits she is entitled to under her insurance policy.

14. Through its negligent and unreasonable adjusting practices, defendant State Farm has intentionally, negligently, and/or recklessly inflicted emotional, mental, and/or physical distress upon Ms. Sutcliffe.

15. Defendant State Farm's failure to make any offer under Ms. Sutcliffe's UIM coverage, is unreasonable and improperly motivated by its own financial interest

16. Ms. Sutcliffe has complied with all duties, responsibilities, and requirements of her policy of insurance with defendant State Farm.

COMPLAINT FOR UIM DAMAGES, BREACH OF DUTY OF GOOD FAITH, BREACH OF FIDUCIARY DUTY, BREACH OF CONSUMER PROTECTION ACT AND BREACH OF CONTRACT – Page 3

MENZER LAW FIRM, P.L.L.C.
705 Second Avenue, Suite 800
Seattle, Washington 98104
(206) 903-1818

## IV. CLAIMS

17. Plaintiff realleges paragraphs 1-16 and incorporates them herein by reference.

18. Pursuant to the terms of its policy of insurance issued to Ms. Sutcliffe, defendant State Farm agreed to pay for compensatory damages due by law from the owner or driver of an underinsured motor vehicle as the result of bodily injuries suffered by Ms. Sutcliffe in a motor vehicle collision. Defendant State Farm has breached its contractual obligations to Ms. Sutcliffe by failing and refusing to pay the damages it owes to Ms. Sutcliffe and otherwise failing to make any reasonable offers of settlement of her claim.

19. Pursuant to the terms of Ms. Sutcliffe's insurance policy with defendant State Farm, Hawaii law governs disputes under the contract.

20. Defendant State Farm's breach of contract has proximately caused damages to Ms. Sutcliffe in an amount to be determined at the time of trial.

21. Defendant State Farm had, and continues to have, a duty to act in good faith in dealing with its insured, Ms. Sutcliffe, and her claim for compensation under the UIM portion of her policy. Defendant State Farm breached this duty of good faith when it unreasonably denied and continues to unreasonably deny Ms. Sutcliffe's claim for benefits under her policy without proper cause.

22. Defendant State Farm's refusal to offer any compensation to Ms. Sutcliffe under the UIM portion of her policy constitutes wanton, oppressive and/or malicious conduct such that Ms. Sutcliffe is entitled to recover punitive damages from defendant State Farm.

23. Defendant State Farm, by virtue of its position and authority to practice insurance, owes a fiduciary or quasi-fiduciary duty and enhanced obligation of fairness to its

COMPLAINT FOR UIM DAMAGES, BREACH OF DUTY OF GOOD FAITH, BREACH OF FIDUCIARY DUTY, BREACH OF CONSUMER PROTECTION ACT AND BREACH OF CONTRACT – Page 4

MENZER LAW FIRM, P.L.L.C.
705 Second Avenue, Suite 800
Seattle, Washington 98104
(206) 903-1818

insureds who it accepted premiums from in exchange for providing insurance protection, including UIM coverage.

24. Defendant State Farm's actions, as described herein, are in violation of its fiduciary or quasi-fiduciary duties which have resulted in damages to Ms. Sutcliffe in an amount to be proven at trial.

25. Defendant State Farm's actions are in violation of the Consumer Protection Act (CPA), HRS 480, et seq.

26. Defendant State Farm engaged in an unfair or deceptive act or practice in trade or commerce that impacts the public interest, which caused injury to Ms. Sutcliffe in her business or property, and which injury is causally linked to the unfair or deceptive act.

27. Plaintiff alleges that Defendant State Farm has a wide-spread and/or national policy to deny its insureds coverage and insurance benefits/payments and unreasonably prolong the claims process, thereby allowing it to maintain control of the funds that would otherwise be paid to its insureds and making the claims process for its insureds as expensive, long, and as drawn out as possible.

28. Defendant State Farm's actions in violation of the CPA entitles Ms. Sutcliffe to treble damages, reasonable attorney fees, costs of suit, injunctive and other relief as permitted by statute.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

A. Against defendant for general damages in an amount to be proven at trial;

COMPLAINT FOR UIM DAMAGES, BREACH OF DUTY OF GOOD FAITH, BREACH OF FIDUCIARY DUTY, BREACH OF CONSUMER PROTECTION ACT AND BREACH OF CONTRACT – Page 5

MENZER LAW FIRM, P.L.L.C.
705 Second Avenue, Suite 800
Seattle, Washington 98104
(206) 903-1818

B.  Against defendant for special damages, including but not limited to past and future medical expenses, as well as other past and future economic losses, in an amount to be proven at trial;

C.  Against defendant for punitive damages for defendant's bad faith conduct in denying plaintiff's claim for compensation;

D.  Against defendant for treble damages, reasonable attorney fees, costs of suit, injunctive and other relief as permitted by statute;

E.  For reasonable attorney fees provided by law, and for all costs, disbursements, and litigation expenses;

F.  For prejudgment interest applicable to the certain expenses and damages incurred, and as provided for by law; and

G.  For any such other relief as the Court deems just and equitable.

DATED this 7th day of September, 2021.

MENZER LAW FIRM, PLLC

By _____
Matthew N. Menzer, WSBA No. 21665
JohnDavid G. Toren, WSBA No. 48198
Menzer Law Firm, PLLC
705 Second Avenue, Suite 800
Seattle, WA 98104
Telephone: (206) 903-1818
Facsimile: (206) 903-1821
Email: mnm@menzerlawfirm.com

Attorneys for Plaintiff

COMPLAINT FOR UIM DAMAGES, BREACH OF DUTY OF GOOD FAITH, BREACH OF FIDUCIARY DUTY, BREACH OF CONSUMER PROTECTION ACT AND BREACH OF

MENZER LAW FIRM, P.L.L.C.
705 Second Avenue, Suite 800
Seattle, Washington 98104
(206) 903-1818

Insurance Commissioner
ACCEPTED SOP
SEP 13 2021
TIME: 2pm

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| ELIZABETH SUTCLIFFE,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurer,<br><br>                Defendant. | No.<br><br>SUMMONS (20-DAY) |

THE STATE OF WASHINGTON TO:    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

A lawsuit has been started against you in the above-entitled Court by plaintiffs. Plaintiffs' claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing and serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what has been asked for because you have not responded. If you serve a Notice of Appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS (20-DAY) – Page 1

MENZER LAW FIRM, P.L.L.C.
705 Second Avenue, Suite 800
Seattle, Washington 98104
(206) 903-1818

If not previously filed, you may demand that the plaintiffs file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the plaintiffs must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 7th day of September, 2021.

MENZER LAW FIRM, PLLC

By /s/ 
Matthew N. Menzer, WSBA 21665
JohnDavid G. Toren, WSBA 48198

Attorneys for Plaintiffs